**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**MANDI T. GRIFFIN,**

       **Plaintiff,**

 vs.              **5:14-CV-1030
                    (MAD/ATB)**

**EVELYN PASQUAL and STEVE
PASQUAL,[1] Geraldine Pediatric Care,**

       **Defendants.**

_____

**APPEARANCES:**         **OF COUNSEL:**

**MANDI T. GRIFFIN**
Bedford Hills Correctional Facility
247 Harris Road
Bedford Hills, New York 10507
Plaintiff *pro see*

**Mae A. D'Agostino, U.S. District Judge:**

## DECISION AND ORDER

## I. INTRODUCTION

  Plaintiff, an inmate currently in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), commenced this action on August 20, 2014. *See* Dkt. No. 1. Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging that Defendants, as the owners of Geraldine Pediatric Care, located in Los Angeles County, California, contributed to the untimely death of her daughter, V.G. *Id.* at 7. Plaintiff alleges that

---

  [1] As Magistrate Judge Baxter noted in his Order and Report-Recommendation, "[a] search of public records relating to defendant Geraldine Pediatric Case shows that Evelyn Pascual is listed as the Administrator of the facility. *See* http://www.npidashboard.com/npi/1922282862. . . . There is no listing for 'Steve' Pasqual or Pascual." *See* Dkt. No. 4 at 1 fn. 1.

Defendants discharged V.G. from their facility after a change in her healthcare insurance, and upon her discharge, failed to notify Plaintiff that V.G. had been "winged off"[2] her seizure medication and thus acted with deliberate indifference towards V.G. *Id.* at 8. In an Order and Report-Recommendation, Magistrate Judge Baxter granted Plaintiff's motion to proceed *in forma pauperis* ("IFP") for the purposes of filing only, and recommended that the Court dismiss the complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). *See* Dkt. No. 4. On October 14, 2014, pursuant to an Order of this Court granting a 30-day extension, Plaintiff filed her objections to Magistrate Judge Baxter's Order and Report-Recommendation. *See* Dkt. No. 7.

## II. BACKGROUND

On March 13, 2006, after a trial by jury in Jefferson County Court (Kim H. Martusewicz, J.), Plaintiff was convicted of "murder in the second degree, manslaughter in the first degree, assault in the second degree, and endangering the welfare of a child," relating to the death of her daughter. *People v. Griffin*, 48 A.D.3d 1233, 1233 (4th Dep't 2008).[3] More than eight years later, Plaintiff filed suit in this Court on August 20, 2014, against the owners of the healthcare facility where Plaintiff's daughter was treated prior to her death. Dkt. No. 1. In an attachment to her complaint, under Plaintiff's first cause of action, she alleges that Defendants discharged her daughter V.G. after her health insurance changed "from Medical to Tricare." *Id.* at 7. Plaintiff further alleges that Defendants called her and told her that "they were going to contact social services and terminate [her] parental rights; their angle was abandonment." *Id.* Plaintiff alleges

---

[2] As Magistrate Judge Baxter stated in his Report-Recommendation and Order, "[b]ecause individuals are not 'winged off' medication, the court has interpreted this phrase as 'weaned off.' The court assumes that plaintiff is trying to say that her daughter's medication was not stopped correctly." Dkt. No. 4 at 3 n.3.

[3] The Appellate Court reversed the judgment of the trial court as it related to the conviction of assault in the second degree. *See id.*

2

that Defendants were aware at this time that she was relocating to New York and trying to find military housing, as well as the "proper adaptive equipment that is necessary for [V.G.'s] survival." *Id.* In Plaintiff's second cause of action she claims that Defendants acted with deliberate indifference towards V.G. by failing to wean V.G. off of her seizure medication, thus putting her at risk. *Id.* at 7-8. Finally, in her third cause of action, Plaintiff contends that Defendants never trained her to properly care for her daughter and that she "never received any certification for caring for [her] daughter's specific condition." *Id.* at 8-9.

**A.     Magistrate Judge Baxter's Order and Report-Recommendation**

In an Order and Report-Recommendation, Magistrate Judge Baxter recommended to the Court that Plaintiff's complaint be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). Dkt. No. 4. In his Order and Report-Recommendation, Magistrate Judge Baxter listed various grounds upon which Plaintiff's complaint should be dismissed. *See id.* Magistrate Judge Baxter found that, although Plaintiff brings her claim pursuant to 42 U.S.C. § 1983, the named Defendants are private parties who own a privately operated healthcare corporation, and thus Plaintiff failed to show that Defendants "violated [her] rights under either the Constitution or laws of the United States, [or] that the defendant acted 'under color of state law.'" *Id.* at 6 (quoting *Rae v. City of Suffolk*, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010)). Magistrate Judge Baxter found that, although Plaintiff's claim may be heard in federal court based on diversity jurisdiction, the Northern District of New York is not the proper venue in which to bring these causes of action. *See id.* at 8-9 ("Neither of the defendants in this case reside in this district, none of the conduct that forms the basis of plaintiff's claims occurred in this district, and neither defendant appears to be subject to service in the Northern District of New York").

3

Furthermore, Magistrate Judge Baxter found that even if Plaintiff's case were transferred to a California district court, the Central District of California being the proper venue, the claims would still fail because they do not comply with the applicable statute of limitations set in the State of California for any state claims that would arise. *Id.* at 9. Magistrate Judge Baxter noted that for a personal injury claim, the statute of limitations is set at two years, and a claim for professional negligence has an applicable statute of limitations of "three years from injury or one year from the date that plaintiff discovered or should have discovered the injury with due diligence." *Id.* at 9-10 ("Even using the 2006 conviction date as the date of accrual, the statute of limitations has long since run. The California statutory tolling provision would not apply in plaintiff's case because she is serving a sentence of 22 years to life imprisonment, and the tolling provision specifically states that it does not apply to a inmate serving a life sentence"). Additionally, Magistrate Judge Baxter found that equitable tolling of the statute of limitations would not be appropriate in this case because "Plaintiff's claims that individuals in a facility engaged in some allegedly negligent conduct, prior to 2006, causing some unspecified 'risk' to plaintiff's child is not the type of factual basis that would cause a court to extend the statute of limitation based on equitable tolling." *Id.* at 12.

Finally, Magistrate Judge Baxter found that although an inquiry into the merits of this case is not necessary based on the other grounds for dismissal, Plaintiff's claim also fails because, "under California law, the defendant's negligence must be 'the proximate cause of a *personal injury or wrongful death*,'" which Plaintiff has not shown. *Id.* Magistrate Judge Baxter did not credit Plaintiff's attempt to blame Defendants for their alleged failure to wean V.G. off of certain medications or their alleged failure to instruct Plaintiff on how to properly care for her daughter, as a viable proximate cause contributing to the death of her daughter. *Id.* ("Since plaintiff was

4

convicted of murdering her child, this attempt to blame another for plaintiff's actions is completely meritless").

**B.     Plaintiff's Objections**

Plaintiff timely filed objections to Magistrate Judge Baxter's Order and Report-Recommendation. *See* Dkt. No. 7. In her objections, Plaintiff lists reasons as to why Magistrate Judge Baxter's recommendations should not be accepted by the Court. *Id.* Plaintiff states that she should have the right to amend or replead her claims, pursuant to 28 U.S.C. § 1653 and Rule 8 of the Federal Rules of Civil Procedure due to the fact that she is a *pro se* litigant. Dkt. No. 7 at 1-2. Plaintiff also objects to the Order and Report-Recommendation dismissing her complaint on the grounds that the Defendants were not formally served and, therefore, she should be permitted to amend. *Id.* at 2. In her objections, Plaintiff then requests that the Court transfer the matter to a California district court for a decision on the merits of her claims. *See id.* at 3 ("Therefore, determination of a baseless, frivolous, malicious, blame claim must be made by California Courts as the De Novo standard applies").

### III. DISCUSSION

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept,

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). The Second Circuit has opined that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

In the present case, although Plaintiff has filed objections to Magistrate Judge Baxter's Order and Report-Recommendation, the objections are conclusory and "merely recite the same

argument[s]" that were originally presented in Plaintiff's complaint. *See O'Diah*, 2011 WL 933846, at *1. Nevertheless, in light of Plaintiff's *pro se* status, the Court has reviewed the complaint *de novo* and finds that Magistrate Judge Baxter correctly recommended that the Court should dismiss Plaintiff's complaint with prejudice.

To the extent that Plaintiff objects on the grounds that she should be permitted leave to amend and supplement her complaint, such an allowance would be futile. According to the Federal Rules of Civil Procedure, the court should "freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). Under Rule 15(a), a motion to amend a pleading should be denied, "if there is an 'apparent or declared reason — such as undue delay, bad faith or dilatory motive . . ., repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of an amendment, [or] futility of amendment." *Dluhos v. Floating and Abandoned Vessel Known as "New York"*, 162 F.3d 63, 69 (2d Cir. 1998) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (other citation omitted); *accord Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 n.6 (2d Cir. 1987) (citation omitted). Similarly, a motion to supplement under Rule 15(d) should be denied where the supplementation is proposed in bad faith, or would be unduly prejudicial or futile. *See Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995) (citing *Foman v. Davis*, 371 U.S. at 482). The decision whether the grant leave to amend or supplement a pleading is within the sound discretion of the court. *See id.* (citation omitted).

An amendment or supplementation of a pleading is considered "futile" when the proposed new claim would not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991); *see also Vasile v. Dean Witter Reynolds Inc.*, 20 F. Supp. 2d 465, 468 (E.D.N.Y. 1998), *aff'd*, 205 F.3d

1327 (2d Cir. 2000). Thus, if the proposed amended complaint would be subject to "immediate dismissal" for failure to state a claim, the court should not permit the amendment. *See Jones v. New York State Div. of Military & Naval Affairs*, 166 F.3d 45, 55 (2d Cir. 1999). If, however, the party seeking to amend "'has at least colorable grounds for relief, justice . . . require[s]'" that its motion be granted. *Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities Inc.*, 748 F.2d 774, 783 (2d Cir. 1984) (citation omitted). Futility is generally adjudicated without resort to any outside evidence. *See, e.g., Nettis v. Levitt*, 241 F.3d 186, 194 n.4 (2d Cir. 2001) ("Determinations of futility are made under the same standards that govern Rule 12(b)(6) motions to dismiss"); *see also Jaghory v. New York State Dep't of Ed.*, 131 F.3d 326, 329 (2d Cir. 1997) (citing *Albright v. Oliver*, 510 U.S. 266, 268 (1994)).

When a *pro se* complaint fails to state a cause of action, the court generally "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citations omitted). However, an opportunity to amend is not required where "[t]he problem with [the plaintiff's] cause of action is substantive" such that a "better pleading will not cure it." *Id.* (citation omitted).

In the present matter, the Court finds that Plaintiff should not be permitted to supplement and amend her complaint. Allowing Plaintiff to amend and supplement her complaint would be futile because, as Magistrate Judge Baxter correctly states in his Order and Report-Recommendation, even if this case was transferred to the proper federal venue, the claims are still subject to dismissal because of the applicable statute of limitations and Plaintiff has not established a viable argument that Defendants were the proximate cause of the death of her

8

daughter. Dkt. No. 4 at 10-12. Thus, any amendments made by Plaintiff would not cure the deficiencies of her claim and would be futile.

## IV. CONCLUSION

After carefully considering Magistrate Judge Baxter's Order and Report-Recommendation, Plaintiff's objections thereto, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Baxter's Order and Report-Recommendation is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED WITH PREJUDICE**; and the Court further

**ORDERS** that the Clerk of the Court shall serve the parties with a copy of this Decision and Order in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 30, 2015
Albany, New York

Mae A. D'Agostino
U.S. District Judge